UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLETUS RAY OLLER**                                                                                    **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 4:05CV-P64-M**

**JOHN M. COY** *et al.*                                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Cletus Ray Oller, an inmate currently incarcerated at the Kentucky State Penitentiary, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this civil rights action against the Chairman of the Kentucky Parole Board ("Parole Board"), John M. Coy, and against four other Parole Board members -- Lutitia F. Papillar, Robert Milburn, Verman Ray Winburn, and Patricia Combs. He sues each Defendant in his or her individual and official capacities.

In the complaint and attached memorandum, Plaintiff reports that he met with the Parole Board in April 1999, at which time "the board members" told him to complete certain programs so that he would be eligible for parole at his next hearing in five years. Particularly, claims Plaintiff, the unspecified board members told him to complete a Violent Offender and Anger Control Program and maintain a clear institutional record so that he would "be of low risk and able to re-enter society." According to Plaintiff, by setting the foregoing criteria, the Parole Board "made a Prima Facia agreement with the Plaintiff creating a Liberty Interest . . . protected

by the 14th Amendment to the U.S. Constitution" and "created an Expectancy of Release once the programs were completed and clear conduct was maintained."

Plaintiff contends that he "held to his agreement with the members of the 1999 board [and] far exceeded it by not only bringing clear conduct for a long sustained period of time [but by also participating in] even more programs than [] requested by the 1999 board in an effort to rehabilitate himself further and to increase his chances of success upon re-entering society." In so doing, he maintains that he "earned parole." Despite Plaintiff's completion of the criteria set by the 1999 Parole Board, the April 2004 "board went back on their agreement" and again denied him parole. Plaintiff further claims that the Parole Board destroyed its record of the 1999 hearing eighteen months after "the deal was struck" with Plaintiff to destroy evidence and cover up guilt.

Based on the foregoing allegations, Plaintiff seeks an injunction "[f]orc[ing] the Defendants to honor their agreement with the Plaintiff." He additionally seeks an order directing the Defendants to grant him parole.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court held, "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. More recently in *Wilkinson v. Dotson*, -- U.S. -- , 125 S. Ct. 1242 (2005), the Supreme Court revisited *Preiser* and discussed that decision and its progeny, including *Wolff v. McDonnell*, 418 U.S. 539 ((1974), *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). The Court then made the following observation,

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

*Wilkinson v. Dotson*, 125 S. Ct. at 1247 (emphasis in original). The Court continued,

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 1248.

Plaintiff's request for an order directing the Defendants to grant him parole is a *direct* request for immediate or speedier release that is available only through a writ of habeas corpus. Plaintiff's request for an injunction forcing Defendants to honor their parole agreement with him is an *indirect* request for immediate or speedier release also available only by way of a writ of habeas corpus. Without commenting on the merits of such a claim, were the Court to find in

favor of Plaintiff and direct Defendants to honor their purported agreement, such an action would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration as the ultimate result would be his release on parole. As Plaintiff's sole remedy for the relief requested is a writ of habeas corpus, the § 1983 action must be dismissed for failure to state a claim upon which relief may be granted.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendants
4414.005